

# THE ATTORNEY GENERAL
## OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

AUSTIN, TEXAS

April 4, 1950

Hon. Robert Callaway
District Attorney
Borger, Texas

Opinion No. V-1031

Re: Concurrent or consecutive credit for jail time in serving out pecuniary fines assessed in two or more misdemeanor convictions.

Dear Sir:

We refer to your recent request in which you submit the following questions:

"1. Where D, defendant, is convicted of two or more misdemeanors at the same time, and the penalty assessed for each is a pecuniary fine, and where D is confined in jail in default of payment of fines, is D entitled to $3.00 per day on each fine, or must he serve out the fines consecutively?

"2. If D is convicted on consecutive days would the result be any different, in view of Ex Parte Herrod, 175 S.W. (2d) 87?"

We quote the following Articles from Vernon's Code of Criminal Procedure which are pertinent to your inquiry:

"783. As to Fine. - When the defendant is only fined, the judgment shall be that the State of Texas recover of the defendant, the amount of such fine and all costs of the prosecution, and that the defendant, if present be committed to jail until such fine and costs are paid; or if the defendant be not present, that a capias forthwith issue, commanding the sheriff to arrest the defendant and commit him to jail until such fine and costs are paid; also, that execution may issue against the property of such defendant for the amount of such fine and costs.

"785. Discharging Judgment for Fine. -
When the judgment against a defendant is for
a fine and costs he shall be discharged from
the same:
"1. When the amount thereof has been
fully paid.
"2. When remitted by the proper author-
ity.
"3. When he has remained in custody for
the time required by law to satisfy
the amount thereof.

"787. Pay or Jail. - When a judgment has
been rendered against a defendant for a pecun-
iary fine, if he is present, he shall be impri-
soned in jail until discharged as provided by
law. A certified copy of such judgment shall
be suffficient to authorize such imprisonment.

"793. Fine Discharged. - When a defend-
ant is convicted of a misdemeanor and his pun-
ishment is assessed at a pecuniary fine, if he
is unable to pay the fine and costs adjudged
against him, he may for such time as will sat-
isfy the judgment be put to work in the work-
house, or on the county farm, or public im-
provements of the county, as provided in the
succeeding article; or if there be no such
workhouse, farm or improvements, he shall be
imprisoned in jail for a sufficient length of
time to discharge the full amount of fine and
costs adjudged against him; rating such labor
or imprisonment at Three ($3.00) Dollars for
each day thereof; provided, however, that the
defendant may pay the pecuniary fine assessed
against him at any time while he is serving at
work in the workhouse, or on the county farm,
or on the public improvements of the county,
or while he is serving his jail sentence, and
in such instances he shall be entitled to a
credit of Three ($3.00) Dollars for each day
or fraction of a day that he has served and
he shall only be required to pay the balance
of the pecuniary fine assessed against him."

"797. Discharge of Defendant, - A defend-
ant who has remained in jail the length of time
required by the judgment shall be discharged.
The sheriff shall return the copy of the judg-
ment, or the capias under which the defendant

was imprisoned, to the proper court, stating
how it was executed."

In Ex parte Banks, 41 Tex.Crim. 201, 53 S.W.688
(1899), it is stated:

"This is an original proceeding in habeas
corpus. The applicant alleges that he is
illegally restrained of his liberty by the su-
perintendent of the county convict farm. The
facts agreed upon show that he was fined in
two misdemeanor cases. The trial and convic-
tion of applicant in the justice court was in
July, 1898, and the punishment assessed was a
fine of $50 and costs, amounting to $57.43,
which made the total of fine and costs $107.-
43. In August following, applicant was tried
in the county court, and convicted of a misde-
meanor. The fine assessed against him was $50,
and the costs were $50.90, - the total being
$100.90; and in addition, imprisonment in the
county jail for 24 hours was assessed against
him. These were separate cases, and the judg-
ment in the last case did not refer to the for-
mer. Applicant, in order to pay the fine and
costs in said two cases, aggregating $208.83,
was placed on the county convict or poor farm
of Wood County. He alleges, and it is agreed,
that he has labored on said farm 324 days; that
he was sick, and unable to work, 25 days; and
that he did not do any labor on said farm for
47 days, - 45 of same being on Sunday; that
396 days have elapsed since applicant has been
on said convict farm. Applicant contends that
said judgments were not cumulative, and that
he had been imprisoned on the first case 24
hours, and had been hired on the county farm
a sufficient length of time to pay off the
fine and costs in the first case, and that he
was entitled to his discharge, regardless of
the fine and costs in the subsequent case.

"The statute regulating cumulative sen-
tences refers only to cases in which imprison-
ment in the penitentiary or the county jail is
a part of the punishment (Code Cr. Proc. art.
840); and it has been held this article refers
as well to misdemeanors as to felonies (Ex
parte Cox, 29 Tex.App. 84, 14 S. W. 396; Ex

parte Bates (Tex.Cr.App.) 40 S.W. 269). <u>A reference to said article will show that it has no reference to the pecuniary fines, but relates to cases in which the punishment is by imprisonment</u>. Until the passage of said statute, there was no statute with reference to cumulative punishments. In such cases it was held, where the punishment was imprisonment, that the terms of punishment, when the same defendant was convicted in two or more cases, ran concurrent with each other. We are not advised of any case where the same rule was held applicable to pecuniary fines. In such cases the fines were independent of each other, and the payment of one was not a satisfaction of the other." (Emphasis added)

In view of the foregoing it is our opinion that where a defendant is convicted of two or more misdemeanors at the same time, and the penalty assessed is a pecuniary fine, and the defendant is confined in jail in default of payment of said fines, he must serve out the time consecutively. The rule would be the same if the defendant is convicted of two or more misdemeanors on the same day or on consecutive days.

Article 774, V.C.C.P., provides:

"When the same defendant has been convicted in two or more cases, and the punishment assessed in each case is confinement in the penitentiary or the jail for a term of imprisonment, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction, except that in the discretion of the court, the judgment in the second and subsequent convictions may either be that the punishment shall begin when the judgment and sentence in the preceding conviction has ceased to operate, or that the punishment shall run concurrently with the other case or cases, and sentence and execution shall be accordingly."

It is apparent that the above statute is applicable only to cases where the punishment assessed is imprisonment in the penitentiary or jail and has no application whatever to cases where only pecuniary fines have been assessed. <u>Ex parte Banks</u>, supra.

We are in accord with your opinion that the case of Ex parte Herrod is distinguishable from this case by the fact that the convict there was not only assessed fine but also a jail sentence.

### SUMMARY

If a defendant is convicted of two or more misdemeanors at the same time, the penalty assessed is a pecuniary fine, and the defendant is confined in jail in default of payment of such fines, he must serve out the time consecutively. Ex parte Banks, 41 Tex.Crim. 201, 53 S.W. 688 (1899). Article 774, V.C.C.P., is applicable only to cases where the punishment assessed is imprisonment in the penitentiary or the jail, and the rule would be the same even though such misdemeanor convictions were on consecutive days.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

By  *Bruce Allen*
Bruce Allen
Assistant

Charles D. Mathews
Executive Assistant

BA:mw